IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

JAMES FRANKLIN STRICKLAND,

    Plaintiff,

v.

WAYNE BENNETT, Sheriff; RON CORBETT, Under Sheriff; Col. NEWSOME; Lt. PROUDFOOT; Captain AUSTIN; GLYNN COUNTY DETENTION CENTER, and all remaining staff,

    Defendants.

CIVIL ACTION NO.: CV206-173

## ORDER

After an independent review of the record, the Court concurs with the Magistrate Judge's determination that Plaintiff's Complaint should be dismissed. Plaintiff has filed Objections (Doc. No. 13), in which he reasserts the factual contentions of his complaint and recounts his claim that the Glynn County Detention Center should have arranged for him to have access to his public defender upon transfer to Ware County Jail. Plaintiff further asserts that his Complaint should not be dismissed because he did exhaust all available administrative remedies.

In his Complaint, Plaintiff explained that he did not exhaust his administrative remedies "[b]ecause I am at Ware County Jail and not at Glynn County Detention Center." (Doc. No. 1, p. 4). Yet in his objections, Plaintiff asserts that he was able to file grievances on this matter at Ware County Jail, claiming that he received no response "[p]robably due to the fact that Ware would not, 'deal with Glynn County problems.' " (Doc. No. 13, p. 6).

AO 72A
(Rev. 8/82)

Thus, from Plaintiff's allegations, it is completely unclear whether he had available remedies against the individual named defendants at either facility or whether he exhausted such remedies.

There is a lack of case law in this circuit or others as to how a transfer impacts the availability of administrative remedies. For an example of one case narrowly addressing the issue, see Hall v. Richardson, 144 Fed. Appx. 835, 836 (11th Cir. 2005) (holding inmate failed to exhaust where he had the opportunity to utilize the grievance procedure before being transferred to another facility). However, regardless of Plaintiff's compliance or non-compliance with the mandates of 42 U.S.C.A. § 1997e(a), his Complaint states no claim upon which relief may be granted. The whole of Plaintiff's substantive claim is as follows:

> After being in Ware County Jail about 2 weeks, I then realized that we have no way of speaking with our Public Defender's. They would not return my familie's calls, nor would they accept mine. They also would not respond through the mail.
> Glynn County Detention Center's staff should have made prior arrangements by providing a specific phone number, time, and day of the week that would ensure that we were able to contact our attorney's.

(Doc. No. 1, pp. 7-8).

Plaintiff fails to make a specific factual claim against any named defendant in his Complaint. Plaintiff has named the Glynn County Detention Center as a defendant. While local governments qualify as "persons" to whom section 1983 applies, Monell v. Dep't of Soc. Servs., 436 U.S. 658, 663, 98 S. Ct. 2018, 2022, 56 L. Ed. 2d 611 (1978), a detention center is merely an arm of such governments, and is not generally considered a legal entity subject to suit. Dean v. Barber, 951 F.2d 1210, 1215 (11th Cir. 1992). Accordingly,

2

Plaintiff cannot state a claim against the Glynn County Detention Center, as it is merely the vehicle through which the County governs and is not a proper party defendant. <u>Shelby v. City of Atlanta</u>, 578 F. Supp. 1368, 1370 (N.D. Ga. 1984).

Plaintiff also has named Sheriff Wayne Bennett, Under-Sheriff Ron Corbett, Colonel Newsome, Lieutenant Proudfoot, and Captain Austin as defendants in this case. However, Plaintiff makes no factual allegations against any of these defendants, and instead appears to seek to hold them liable based solely on their supervisory positions with Glynn County. In section 1983 actions, liability must be based on something more than a theory of respondeat superior. <u>Braddy v. Fla. Dep't of Labor and Employment Sec.</u>, 133 F.3d 797, 801 (11th Cir. 1998).

Plaintiff's Objections are without merit. Plaintiff's Complaint is hereby **DISMISSED**. The Clerk of Court is hereby authorized and directed to enter an appropriate Judgment of Dismissal.

SO ORDERED, this 9th day of November, 2006.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

3

AO 72A
(Rev. 8/82)